# STATE OF MICHIGAN

# COURT OF APPEALS

---

DAVID ALLEY, JULIE ALLEY, ERIC BACKLUND, PAM BACKLUND, ANTONIO FERREIRA, ELIZABETH FERREIRA, JOYCE JACK-HUGHES, PREMBAI KERAI, JOHN KOLTON, KATHLEEN KOLTON, ANTHONY MAHLER, RANDY MILLER, and ROCHEL MILLER,

        Plaintiffs,

and

RACHEL GEER, ROXANNE HUGHES, SWARTZ FUNERAL HOME, INC, RICK LAMB, MICHAEL LIZOTTE, ELIZABETH LIZOTTE, GRAFTON MOORE, DIANE MOORE, GAROLD PARSONS, SUSAN PARSONS, ROBERT TATE, FRANK WEAVER, CONNIE WEAVER, HONEY BEAR CHILD CARE, MARGARET WITTBRODT, and SCOTT WILLIAMS,

        Plaintiffs-Appellees,


v

CHARTER TOWNSHIP OF MUNDY,

        Defendant-Appellant,

and

GENESEE COUNTY DRAIN COMMISSIONER, GENESEE COUNTY DEPARTMENT OF PARKS AND RECREATION, and CITY OF FLINT,

        Defendants.

UNPUBLISHED
November 15, 2018

No. 341501
Genesee Circuit Court
LC No. 15-104736-NZ

DAVID ALLEY, JULIE ALLEY, ERIC
BACKLUND, PAM BACKLUND, ANTONIO
FERREIRA, ELIZABETH FERREIRA, JOYCE
JACK-HUGHES, PREMBAI KERAI, JOHN
KOLTON, KATHLEEN KOLTON, ANTHONY
MAHLER, RANDY MILLER, and ROCHEL
MILLER,

        Plaintiffs,

and

RACHEL GEER, ROXANNE HUGHES,
SWARTZ FUNERAL HOME, INC, RICK
LAMB, MICHAEL LIZOTTE, ELIZABETH
LIZOTTE, GRAFTON MOORE, DIANE
MOORE, GAROLD PARSONS, SUSAN
PARSONS, ROBERT TATE, FRANK WEAVER,
CONNIE WEAVER, HONEY BEAR CHILD
CARE, MARGARET WITTBRODT, and SCOTT
WILLIAMS,

        Plaintiffs-Appellees,

v                                                                    No.  341510
                                                                     Genesee Circuit Court
CHARTER TOWNSHIP OF MUNDY, GENESEE           LC No.  15-104736-NZ
COUNTY DEPARTMENT OF PARKS AND
RECREATION, and CITY OF FLINT,

        Defendants,

and

GENESEE COUNTY DRAIN COMMISSIONER,

        Defendant-Appellant.

DAVID ALLEY, JULIE ALLEY, ERIC
BACKLUND, PAM BACKLUND, ANTONIO
FERREIRA, ELIZABETH FERREIRA, JOYCE

JACK-HUGHES, PREMBAI KERAI, JOHN
KOLTON, KATHLEEN KOLTON, ANTHONY
MAHLER, RANDY MILLER, and ROCHEL
MILLER,

Plaintiffs,

and

RACHEL GEER, ROXANNE HUGHES,
SWARTZ FUNERAL HOME, INC, RICK
LAMB, MICHAEL LIZOTTE, ELIZABETH
LIZOTTE, GRAFTON MOORE, DIANE
MOORE, GAROLD PARSONS, SUSAN
PARSONS, ROBERT TATE, FRANK WEAVER,
CONNIE WEAVER, HONEY BEAR CHILD
CARE, MARGARET WITTBRODT, and SCOTT
WILLIAMS,

Plaintiffs-Appellees,

v

Nos. 341763; 341764
Genesee Circuit Court
LC No. 15-104736-NZ

CHARTER TOWNSHIP OF MUNDY, GENESEE
COUNTY DRAIN COMMISSIONER, and
GENESEE COUNTY DEPARTMENT OF
PARKS AND RECREATION,

Defendants,

and

CITY OF FLINT,

Defendant-Appellant.

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

These consolidated appeals of actions concern the applicability of the sewer system disposal event exception to governmental immunity. In Docket No. 341501, defendant Charter Township of Mundy appeals by right the trial court's order granting in part and denying in part Mundy Township's motion for summary disposition. In Docket No. 341510, defendant Genesee

-3-

County Drain Commissioner (GCDC) appeals that same order as of right, which also granted in part and denied in part GCDC's motion for summary disposition. In Docket Nos. 341763 and 341764, defendant City of Flint appeals as of right the trial court's order denying Flint's motion for summary disposition, and appeals by leave granted[1] that same order, which denied Flint's motion for reconsideration of the trial court's previous order granting GCDC's motion for leave to file a late notice of nonparty fault. We reverse and remand on all issues.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiffs owned properties in Mundy Township in May of 2012. After a heavy rainfall which began the night of May 3 and continued until the early morning hours of May 4, the storm water sewage disposal system backed up and flooded those properties. The flood ranged in severity. Several plaintiffs had flood levels in their basements of nearly five feet, with others complaining of between two and three feet of flood water. Some plaintiffs testified that the flood waters came from drainage creeks cresting their banks and entering through basement windows or garage doors. Others had water entering their property through drains in the floor of their basements.

Plaintiffs sued Mundy Township and GCDC on April 30, 2015, claiming that the damages suffered by plaintiffs fell under the sewage disposal system event exception, MCL 691.1416 to 691.1419, to governmental immunity pursuant to the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. Plaintiffs also alleged "unjust taking" claims pursuant to Const 1963, art 10, § 2.

Over the course of two years of discovery, Mundy Township and GCDC deposed at least 13 plaintiffs. During those depositions, none of the plaintiffs were able to identify a specific defect with any part of the sewage disposal system. One plaintiff in particular, Roxanne Hughes, testified that she heard from a source whose name she no longer could remember that the Holloway Dam had been closed at the time of the flood. Hughes relayed that the dam initially was closed so that the authorities could search for a person who had drowned in C S Mott Lake, a reservoir to which the Holloway Dam controlled water entry. Hughes stated that her source said that the dam was supposed to have been reopened, someone failed to do so, which caused the flood, and that the person had been fired. At least one other plaintiff testified to hearing a similar rumor about a closed dam.

After taking Hughes's deposition, GCDC began investigating the claim of a closed dam, and discovered that C S Mott Lake and the two dams surrounding it were either owned or operated by Flint.[2] Subsequently, GCDC moved the trial court for leave to file a notice of nonparty fault pursuant to MCR 2.112(K), citing that it had not discovered Flint's potential

---

[1] *Alley v Charter Township of Mundy*, unpublished order of the Court of Appeals, entered January 31, 2018 (Docket No. 341763).

[2] Genesee County Parks and Recreation Department owned one of the dams, but had leased the operation of the dam to Flint during all times relevant to this case.

involvement in the case until the deposition of Hughes. The trial court granted the motion, following which, plaintiffs moved for leave to file a second amended complaint adding Flint as a defendant to the case. The trial court also granted that motion, and plaintiffs filed the new complaint on September 12, 2017.

Mundy Township and GCDC moved for summary disposition of the claims against them pursuant to MCR 2.116(C)(7) and (C)(10), arguing that there was no genuine issue of material fact that they were entitled to the protection of governmental immunity. Mundy Township included an affidavit from a civil engineer providing that the flood was caused by the heavy downpour of rain and that any defect in the sewage system, if there was one, was with the storm water sewage disposal system and not the sanitary sewage disposal system. David Guigear, the township supervisor, averred that Mundy Township did not own, operate, or have the legal authority to repair or control the storm water sewage disposal system. Mundy Township argued that plaintiffs failed to prove a defect, and even if there was a defect it was with a portion of the sewage disposal system of which Mundy Township did not have any legal authority to control. Thus plaintiffs' claim was not exempt under the sewage disposal system event exception to governmental immunity. GCDC followed suit, arguing that plaintiffs had not identified any specific defect with the storm water sewage system, that the flooding actually was caused by the heavy downpour of rain, and that if there was a defect with the system, it was in a portion that GCDC did not have the legal authority to remedy. In support of that, GCDC provided an affidavit from an expert witness establishing that Mundy Township had received a level of rainfall that would qualify as a 10-year flood event.

Plaintiffs countered that Mundy Township could still be sued because it directly or indirectly discharged waste into the storm water sewage disposal system, even if it did not legally control that specific system. As to GCDC, plaintiffs alleged that the storm water sewage system, which GCDC controlled, was built to withstand 25-year flood events, which, because it did not prevent the events at issue, there must have been some defect in the system. Plaintiffs requested additional time for discovery to identify the actual defect in the system. The trial court ultimately agreed with plaintiffs and denied the motions for summary disposition based on the sewage disposal system event exception. Based on plaintiffs' consent, however, the trial court dismissed the claims for unjust takings.

Flint also moved for summary disposition, asserting that plaintiffs had not pleaded a claim in avoidance of governmental immunity because the second amended complaint was too broadly worded, and that plaintiffs failed to provide statutory notice pursuant to MCL 691.1419. In addition, Flint moved the trial court to reconsider its decision granting GCDC's motion for leave to file a notice of nonparty fault. Flint contended that GCDC had not fulfilled the requirements for the motion pursuant to MCR 2.112(K)(3)(c) as GCDC could have discovered Flint's potential liability in the case earlier through reasonable diligence. Lastly, Flint asserted that the "unjust taking" claim should be dismissed. Plaintiffs argued their complaint was specific enough to survive a motion for summary disposition because Michigan was a notice-pleading state, that they had provided proper notice under the statute by providing notice to Mundy Township, and that the trial court properly decided the nonparty fault issue. The trial court ultimately agreed with plaintiffs and denied both of Flint's motions. The trial court did not address Flint's motion with regard to the "unjust taking" claim.

This appeal followed.

## II. GOVERNMENTAL IMMUNITY

Mundy Township, GCDC, and Flint argue that the trial court erred in denying their motions for summary disposition as they were entitled to the protection of governmental immunity. We agree.

## A. STANDARD OF REVIEW

"This Court reviews motions for summary disposition under MCR 2.116(C)(7) de novo." *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 386; 738 NW2d 664 (2007). "In reviewing a ruling pursuant to subrule (C)(7), '[w]e consider all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them.' " *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 432-433; 824 NW2d 318 (2012), quoting *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law." *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 482; 722 NW2d 906 (2006). Summary disposition is proper where no relevant factual dispute exists regarding whether a claim is barred pursuant to MCR 2.116(C)(7). *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

"This Court [] reviews de novo decisions on motions for summary disposition brought under MCR 2.116(C)(10)." *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Assoc*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue regarding any material fact." *Id*. "A reviewing court may not employ a standard citing the mere possibility that the claim might be supported by evidence produced at trial. A mere promise is insufficient under our court rules." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006).

The applicability of governmental immunity and its statutory exceptions are also reviewed de novo. *Moraccini*, 296 Mich App at 391. "Questions of statutory interpretation are also reviewed de novo." *Rowland v Washtenaw Co Road Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007).

## B. THE SEWAGE DISPOSAL SYSTEM EVENT EXCEPTION

The GTLA provides immunity for governmental agencies where "the governmental agency is engaged in the exercise or discharge of a governmental function," except where otherwise provided within the act. MCL 691.1407(1). "The term 'governmental function' is to be broadly construed, and the statutory exceptions are to be narrowly construed." *Maskery v Bd of Regents of Univ of Mich*, 468 Mich 609, 614; 664 NW2d 165 (2003). "Among the statutory

exceptions to governmental immunity is the 'sewage disposal system event' exception, MCL 691.1416 through MCL 691.1419." *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 415; 875 NW2d 242 (2015). "To afford property owners, individuals, and governmental agencies greater efficiency, certainty, and consistency in the provision of relief for damages or physical injuries caused by a sewage disposal system event, a claimant and a governmental agency subject to a claim shall comply with this section and the procedures in" MCL 691.1418 and MCL 691.1419. MCL 691.1417(1). "A governmental agency is immune from tort liability for the overflow or backup of a sewage disposal system unless the overflow or backup is a *sewage disposal system event* and the governmental agency is *an appropriate governmental agency*." MCL 691.1417(2) (emphasis added). A "sewage disposal system event" is defined by statute as "the overflow or backup of a sewage disposal system onto real property." MCL 691.1416(k). Additionally, an "appropriate governmental agency" is defined as "a governmental agency that, at the time of a sewage disposal system event, owned or operated, or directly or indirectly discharged into, the portion of the sewage disposal system that allegedly caused damage or physical injury." MCL 691.1416(b).

In addition to requiring that there be a "sewage disposal system event," and that the party being sued is "an appropriate governmental agency," MCL 691.1417(3) lists additional requirements to avoid governmental immunity, which this Court summarized thusly:

(1) that the claimant suffered property damage or physical injuries caused by a sewage disposal system event;

(2) that the governmental agency against which the claim is made is "an appropriate governmental agency," which is defined as "a governmental agency that, at the time of a sewage disposal system event, owned or operated, or directly or indirectly discharged into, the portion of the sewage disposal system that allegedly caused damage or physical injury";

(3) that "[t]he sewage disposal system had a defect";

(4) that "[t]he governmental agency knew, or in the exercise of reasonable diligence should have known, about the defect";

(5) that "[t]he governmental agency, having the legal authority to do so, failed to take reasonable steps in a reasonable amount of time to repair, correct, or remedy the defect";

(6) that "[t]he defect was a substantial proximate cause of the event and the property damage or physical injury";

(7) "reasonable proof of ownership and the value of [any] damaged personal property"; and

(8) that the claimant provided notice as set forth in MCL 691.1419. [*Linton v Arenac Co Rd Comm*, 273 Mich App 107, 113-114; 729 NW2d 883 (2006) (citations omitted).]

1. MUNDY TOWNSHIP'S & GCDC'S MOTIONS FOR SUMMARY DISPOSITION

The trial court should have granted summary disposition in favor of Mundy Township and GCDC where plaintiffs failed to provide any evidence of a defect in the sewage disposal systems of which Mundy Township or GCDC had the legal authority to remedy. Of particular relevance to this issue are the third, fourth, and fifth elements as codified at MCL 691.1417(3)(a)-(d) and as enunciated in *Linton*, 273 Mich App at 113-114.

First, we must consider the language of the aforementioned statutory provisions to determine whether plaintiffs have provided evidence to withstand a motion for summary disposition. *Ronnisch Contr Group v Lofts on the nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). Pursuant to MCL 691.1417(3)(b), a claim in avoidance of governmental immunity requires proof that "[t]he sewage disposal system had a defect." The statute defines a "defect" as "a construction, design, maintenance, operation, or repair defect." MCL 691.1416(e).

> The statute does not further define the terms used to define "defect." Given that the definition of "defect" itself uses the term "defect," and that the second use of the term is undefined in the statute, we reference dictionary definitions. *Laurence G Wolf* [*Capital Mgt Trust v City of Ferndale*, 269 Mich App 265,] 271; [713 NW2d 274 (2005)]; *Pierce* [*v City of Lansing*, 265 Mich App 174,] 178; [694 NW2d 65 (2005)]. A "defect" is defined as "a fault or shortcoming; imperfection." *Random House Webster's College Dictionary* (1997). [*Willett v Charter Twp of Waterford*, 271 Mich App 38, 51; 718 NW2d 386 (2006).]

Thus, plaintiffs were required to provide evidence that there was a fault, shortcoming, or imperfection with the "construction, design, maintenance, operation, or repair" of the sewage disposal system. *Id.*; MCL 691.1416(e); MCL 619.1417(3)(b). Furthermore, plaintiffs were required to prove that the governmental agency in question "knew, or in the exercise of reasonable diligence should have known, about the defect" and "having the legal authority to do so, failed to take reasonable steps in a reasonable amount of time to repair, correct, or remedy the defect." MCL 691.1417(3)(c)-(d).

In the simplest terms, plaintiffs failed to produce any evidence that there was a defect with any portion of the sewage disposal systems that Mundy Township or GCDC have "the legal authority to . . . repair, correct, or remedy . . . ." MCL 691.1417(3)(b)-(d). Plaintiffs' lack of proof is most aptly reflected in the following discussion plaintiffs' attorney had with the trial court during the hearing on Mundy Township's and GCDC's motions for summary disposition:

> *The Court*: Well let me ask you then what do you attribute as the defect? What are you pointing to as the defect in this water system that—that would be the cause or proximate cause of your client[s'] damage?
>
> [*Plaintiffs' Counsel*]: I—I suspect, although I don't have any certainty, is that there was an operational problem through the entities that owned or operated the dam.
>
> *The Court*: And do you expect to have certainty at some point?

-8-

[*Plaintiffs' Counsel*]: Yeah, I mean, I—

*The Court*: How do you expect to get certainty?

[*Plaintiffs' Counsel*]: The City of Flint apparently is the entity that open—operates the Holloway Dam; that's just based on the notice of non-party fault that [GCDC's counsel] filed.

*The Court*: So you believe, if I'm hearing you, through some further discovery, you're gonna be able to pinpoint it; is that what you're telling me?

[*Plaintiffs' Counsel*]: Oh, absolutely! That's why I amended the complaint to add the City of Flint.

Plaintiffs' counsel later stated, "I know there's a defect because I know that you're not supposed to have water that backs up to the extent it did in this case." When the trial court asked her what evidence she had to support that assertion, besides her conjecture, she said, "[t]he evidence is the fact that the flooding happened."

The evidence that a flooding occurred due to a backup of the storm water sewage disposal system is evidence of one element of a claim under the sewage disposal system event exception to governmental immunity. MCL 691.1416(k). However, the fact that a sewage disposal system event occurred does not mean that there was a defect in the system. MCL 691.1416(e). These are separate inquiries. For example, in *Willett*, 271 Mich App at 51, the plaintiff provided evidence "that someone introduced a large concrete or asphalt object into [the] defendant's sewer line that caused a backup in the sewer system." This Court held that, "the obstruction of the sewer constituted a defect under MCL 691.1417(3)(b)." *Willett*, 271 Mich App at 52. Here, plaintiffs have not produced any similar evidence as to the causation of the backup. When asked specifically by the trial court about plaintiffs' opinion regarding a defect, plaintiffs provided that they suspected there was an error with the operation of the Holloway Dam at C S Mott Lake. It is not disputed in this case that Flint operated the Holloway Dam, and the other dam on C S Mott Lake. Therefore, even if there was a defect with the Holloway Dam, which is not clear from the record considering that the only evidence in support of that is hearsay deposition testimony by plaintiff Hughes, it is without dispute that GCDC and Mundy Township neither had the authority to repair the dam nor to ensure that it was properly operated. MCL 691.1417(3)(d). Additionally, considering that plaintiffs did not provide any evidence that there was a defect with the sewage disposal systems of GCDC and Mundy Township, plaintiffs also could not possibly prove that either governmental entity knew about the nonexistent defect or that they did not take reasonable steps to repair the defect in a reasonable time. MCL 691.1417(3)(c)-(d).

The trial court and plaintiffs tacitly admitted that there is no evidence of a defect with respect to GCDC and Mundy Township with their suggestion that additional discovery is necessary to show a defect. In response, the trial court agreed with that proposition. Plaintiffs are correct that, "[g]enerally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete." *Oliver v Smith*, 269 Mich App 560, 567; 715 NW2d 314 (2006) (quotation marks omitted). However, as aptly noted by GCDC and Mundy

Township, the hearing in question happened $5^1/_2$ years after the flood occurred, $2^1/_2$ years after plaintiffs filed their complaint, and nearly one month after the close of discovery. Further, GCDC and Mundy Township performed extensive discovery in that time with the depositions of at least 13 plaintiffs and producing affidavits from Guigear and expert witnesses. Thus, GCDC's and Mundy Township's motions for summary disposition were not filed before discovery was completed; rather, plaintiffs simply did not conduct any discovery or did not discover any evidence implicating GCDC or Mundy Township. As discussed in *Oliver*, 269 Mich App at 567, a motion for summary disposition is considered premature when discovery is still underway, but not when plaintiffs merely failed to conduct their discovery or actually discover evidence beneficial to them.

To compensate for their failure of discovery, plaintiffs cite to an e-mail exchange between their counsel and defendants' attorneys. Therein, Flint's counsel declared that Flint would not participate in a deposition of Guigear until the trial court decided its motion for reconsideration or summary disposition. However, upon closer examination, it is clear that the e-mail requesting the deposition was not sent until October of 2017, after the case had already been open for $2^1/_2$ years, and mere days before discovery was to close. Flint was not even made a party to the case until September of 2017, and the case was filed on April 30, 2015. Thus, the record is plain that the motions for summary disposition were not premature.[3]

Upon moving for summary disposition, Mundy Township and GCDC cited to the depositions of plaintiffs, wherein they testified that they did not know if there was any defect, besides the potential problem with the dams at C S Mott Lake. Guigear's affidavit and the affidavit of Mundy Township's expert witness showed that there was no identifiable problem besides the rain, and even if there was a problem, it was with the county storm water sewage

---

[3] In a recent opinion, this Court summarized the relevant law regarding motions for summary disposition pursuant to MCR 2.116(C)(10), in cases like this one, where discovery had been conducted:

> "The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). The court must consider all of the admissible evidence in a light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). However, the party opposing summary disposition under MCR 2.116(C)(10) "may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Oliver* [], 269 Mich App [at] 564 [] (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014) (quotation marks and citation omitted). [*Lockwood v Ellington Twp*, 323 Mich App 392, 401; 917 NW2d 413 (2018).]

disposal system, and that Mundy Township did not have the legal authority to control that system. GCDC's expert witness averred that there was significant rainfall during the time of the flood and GCDC produced documentation that it conducted regular maintenance on the storm water sewage system in Mundy Township. Therefore, GCDC and Mundy Township presented documentary evidence, via depositions and affidavits, that plaintiffs could not identify any defect, and further, that there was no defect within their legal authority to repair or control.

With GCDC and Mundy Township having satisfied their initial burden of supplying documentary evidence, plaintiffs were not permitted to "rely on mere allegations or denials in pleadings . . . ." *Id.* (quotation marks omitted). Instead, plaintiffs were required to "go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exist[ed]." *Oliver*, 269 Mich App at 564 (quotation marks and citation omitted). It was not sufficient for plaintiffs to "cit[e] the mere possibility that the claim might be supported by evidence produced at trial. A mere promise is insufficient under our court rules." *Bennett*, 274 Mich App at 317. As discussed, plaintiffs' only evidence of a defect with respect to Mundy Township and GCDC was the conjecture of plaintiffs' attorney and the fact that the flood happened. When pressed, plaintiffs could not provide any evidence of a defect in Mundy Township's or GCDC's sewage systems. Instead, plaintiffs offer only circular reasoning: the flood happened, it should not have happened, so there must be a defect. When the trial court repeatedly pressured plaintiffs to provide any evidence of a defect, plaintiffs responded that they would be able to do so after more discovery. That argument by plaintiffs is insufficient to survive summary disposition as discovery has closed. Further, GCDC and Mundy Township had provided documentary evidence that there was no applicable and identifiable defect with their sewage disposal systems. Under our court rules a case is not permitted to proceed on the "mere possibility that the claim might be supported by evidence," or plaintiffs' "mere promise" that such evidence exists. *Id.*; see also *Lockwood*, 323 Mich App at 401.

In sum, the trial court should have granted summary disposition in favor of Mundy Township and GCDC.[4]

## 2. FLINT'S MOTION FOR SUMMARY DISPOSITION

---

[4] Plaintiffs, GCDC, and Mundy Township also presented arguments regarding whether the "defect" or the rainfall was the substantial proximate cause of the property damage, as required by MCL 691.1417(3)(e). A "substantial proximate cause" is defined by statute as "a proximate cause that was 50% or more of the cause of the event and the property damage or physical injury." MCL 691.1416(*l*). However, none of the parties identify the "defect" that would have to be compared to the rainfall to determine the substantial proximate cause of the damages. Considering that summary disposition was warranted based on plaintiffs' failure to produce evidence of a defect, the argument regarding substantial proximate cause has been rendered moot, and we will not consider it. *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018) (quotation marks omitted) ("[A]s a general rule, this Court will not entertain moot issues or decide moot cases," such as those "in which a judgment cannot have any practical legal effect upon a then existing controversy.")

The trial court also should have granted summary disposition in favor of Flint as plaintiffs failed to provide Flint with notice pursuant to MCL 691.1419. "Generally, governmental agencies in Michigan are statutorily immune from tort liability." *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 714; 822 NW2d 522 (2012). "However, because the government may voluntarily subject itself to liability, it may also place conditions or limitations on the liability imposed." *Id.* As discussed, *supra*, one of "the statutory exceptions to governmental immunity is the 'sewage disposal system event' exception, MCL 691.1416 through MCL 691.1419." *Cannon Twp*, 311 Mich App at 415. "Statutory notice provisions are a common means by which the government regulates the conditions under which a person may sue governmental entities." *Atkins*, 492 Mich at 714.

When seeking recovery for damages, "caused by a sewage disposal system event, a claimant . . . shall comply with . . . the procedures in" MCL 691.1419. MCL 691.1417(1). The statute later specifies that, "to obtain compensation for property damage or physical injury from a governmental agency, a claimant must show [that] . . . [t]he claimant complied with [MCL 691.1419]." MCL 691.1417(4)(b). Consequently, this Court in *Linton*, 273 Mich App at 114 (citation omitted), noted that one element of a claim under the sewage disposal system event exception to governmental immunity was "that the claimant provided notice as set forth in MCL 691.1419." Plaintiffs "must satisfy all of these elements to survive a motion for summary disposition based on governmental immunity." *Cannon Twp*, 311 Mich App at 416.

Pursuant to MCL 691.1419(1), an individual seeking damages from a governmental entity "is not entitled to compensation under [MCL 691.1417] unless the claimant notifies the governmental agency of a claim of damage or physical injury, in writing, within 45 days after the date the damage or physical injury was discovered, or in the exercise of reasonable diligence should have been discovered." The written notice must have "the claimant's name, address, and telephone number, the address of the affected property, the date of discovery of any property damages or physical injuries, and a brief description of the claim." MCL 691.1419(1) and (2)(c). The notice "shall be sent to the individual within the governmental agency designated in subsection (2)(b)." MCL 691.1419(1). Subsection (2) involves the responsibility of a "contacting agency" to provide information to a potential claimant when that claimant "notifies a contacting agency orally or in writing of an event before providing a notice of a claim that complies with subsection (1) . . . ." MCL 691.1419(2). In such circumstances, subsection (2)(b) requires that the contacting agency "provide the person with . . . [t]he name and address of the individual within the governmental agency to whom a claimant must send written notice under subsection (1)." MCL 691.1419(2)(b). The statute provides the following definition for a "contacting agency":

> (d) "Contacting agency" means any of the following within a governmental agency:
>
> (*i*) The clerk of the governmental agency.
>
> (*ii*) If the governmental agency has no clerk, an individual who may lawfully be served with civil process directed against the governmental agency.

(*iii*) Any other individual, agency, authority, department, district, or office authorized by the governmental agency to receive notice under section 19, including, but not limited to, an agency, authority, department, district, or office responsible for the operation of the sewage disposal system, such as a sewer department, water department, or department of public works. [MCL 691.1416(d).]

In order to provide adequate statutory notice, a claimant must provide written notice to an individual within the governmental entity designated to receive such notices. MCL 691.1419(1). "[T]he plain language of § 19(1) requires written notice of a *claim* . . . ." *Dybata v Wayne Co*, 287 Mich App 635, 643; 791 NW2d 499 (2010). Although the statutory provisions provide some confusion regarding whom that person might be, the statute makes clear that if a potential claimant reaches out to the governmental agency via a contacting agency, the contacting agency is required to provide that information to the claimant. MCL 691.1419(2)(b). The potential claimant then is required to provide "name, address, and telephone number, the address of the affected property, the date of discovery of any property damages or physical injuries, and a brief description of the claim," to the identified person within the governmental agency "within 45 days after the date the damage or physical injury was discovered, or in the exercise of reasonable diligence should have been discovered." MCL 691.1419(1) and (2)(c).

Plaintiffs did not provide written notice to Flint. In fact, plaintiffs admit that fact, acknowledging that they only provided the 45-day written notice to Mundy Township, who forwarded that notice to GCDC. Plaintiffs instead argue that their failure to provide notice to Flint fell under an exception to the statutory notice requirement. In support of that, plaintiffs reference the first clause of MCL 691.1419(1), which provides that the statutory notice is required as described, "[e]xcept as provided in subsections (3) and (7) . . . ." It is not disputed that MCL 691.1419(7) is not an applicable exception in the instant case, because it provides only that the notice provision "does not apply to claims for noneconomic damages made under [MCL 691.1417]." Plaintiffs only are seeking compensation for economic damages to their real and personal property. The only remaining potential exception, therefore, is codified at MCL 691.1419(3).

A claimant is excused from providing the proper written notice if the claimant can show two things, first that the claimant "notified the contacting agency . . . during the period for giving notice under subsection (1)." MCL 691.1419(3)(a). Thus, plaintiffs were required to show that they notified a contacting agency of the sewage disposal system event, either orally or in writing, within 45 days of that event. *Id.*; MCL 691.1419(1) and (2). A contacting agency is either the clerk of the governmental agency, someone within the governmental agency authorized to receive civil process on behalf of the governmental agency, or "[a]ny other individual, agency, authority, department, district, or office authorized by the governmental agency to receive notice under section 19 . . . ." MCL 691.1416(d). The statute defining a "contacting agency" specifically provides that it is an entity or person "within a governmental agency[.]" *Id*. Thus, the plain language of MCL 691.1419(3)(a) required that plaintiffs show that they provided notice of the sewage system disposal event to Flint's Clerk, an individual within Flint's government "who may lawfully be served with civil process directed against" Flint, or an entity within Flint authorized to receive notice pursuant to MCL 691.1419, "within 45 days after the date the

-13-

damage or physical injury was discovered, or in the exercise of reasonable diligence should have been discovered." MCL 691.1416(d); MCL 691.1419(1).

The record is clear that plaintiffs did not provide any notice of an event or a claim to any entity within the Flint government until plaintiffs added Flint as a defendant to the case on September 12, 2017. This was more than two years after plaintiffs discovered their damaged properties. Therefore, plaintiffs failed to comply with MCL 691.1419(2) and thus, were not entitled to the exception to proper statutory notice provided in MCL 691.1419(3). Given that plaintiffs never notified Flint of a sewage disposal system event pursuant to MCL 691.1419(2), they cannot possibly prove that their "failure to comply with the notice requirements of subsection (1) resulted from the contacting agency's failure to comply with subsection (2)." MCL 691.1419(3)(b). After all, the contacting agency only is required to provide a potential claimant with information regarding the statutory notice requirements when that contacting agency is notified of an event by the potential claimant. MCL 691.1419(2). Consequently, because plaintiffs never notified a Flint contacting agency of the event, Flint's duty to provide that information never was triggered. *Id.*

Having failed to show compliance with MCL 691.1419, plaintiffs were not entitled "to obtain compensation for property damage or physical injury from" Flint. MCL 691.1417(4)(b). Plaintiffs' inability to satisfy that element of a claim under the sewage disposal system event exception to governmental immunity warranted summary disposition in favor of Flint, see *Cannon Twp*, 311 Mich App at 416; MCL 691.1417; MCL 691.1419, and the trial court erred in failing to do so. See *Cannon Twp*, 311 Mich App at 416.[5]

---

[5] Further, when considering MCL 691.1419(4), it is clear that it would not apply to plaintiffs' claims in the instant case. This statutory provision in question governs issues arising when one governmental agency believes that a different governmental agency may actually be at fault for the alleged damage:

> If a governmental agency that is notified of a claim under subsection (1) believes that a different or additional governmental agency may be responsible for the claimed property damages or physical injuries, the governmental agency shall notify the contacting agency of each additional or different governmental agency of that fact, in writing, within 15 business days after the date the governmental agency receives the claimant's notice under subsection (1). This subsection is intended to allow a different or additional governmental agency to inspect a claimant's property or investigate a claimant's physical injury before litigation. Failure by a governmental agency to provide notice under this subsection to a different or additional governmental agency does not bar a civil action by the governmental agency against the different or additional governmental agency. [MCL 691.1419(4).]

By its plain language, MCL 691.1419(4) allows one governmental agency to provide notice to another governmental agency, but provides that a failure to do so does not bar the first governmental agency from bringing suit against the second agency. As applied to this case,

-14-

Plaintiffs appear to argue that they should be excused from failing to provide adequate notice under the statute because they did not know of Flint's potential involvement in causing the issue until well after the 45-day period for providing notice expired. First, the record is unclear whether this assertion is true, considering that it was a plaintiff who heard rumors shortly following the flood from an alleged source that a dam was closed on the day of the storm. Second, under the plain language of the statute, plaintiffs' alleged ignorance of Flint potentially causing the damages in question is not relevant. MCL 691.1419. Indeed, the time in question within which to file the required notice begins when plaintiffs discovered or with reasonable diligence should have discovered "the damage or physical injury . . . ." MCL 691.1419(1). Thus, the statutory notice clock began when plaintiffs discovered the damages caused by the flooding on their properties, not when they discovered the governmental entity that allegedly caused the problem. *Id.* "It is well established that statutory notice requirements must be interpreted and enforced as plainly written and that no judicially created saving construction is permitted to avoid a clear statutory mandate." *Atkins*, 492 Mich App at 714-715. Consequently, the timing of plaintiffs' discovery of Flint's potential involvement in causing the damages was not relevant, and their argument in that regard is without merit. *Id.*; MCL 691.1419(1).

## III. CONCLUSION

The trial court should have granted summary disposition in favor of Mundy Township, GCDC, and Flint where they all were entitled to the protection of governmental immunity.[6] Thus, we reverse the trial court's orders to the contrary and remand with instruction for the trial court to enter an order granting summary disposition. On remand, the trial court shall exercise

---

Mundy Township or GCDC, having received notice pursuant to MCL 691.1419(1), were required to notify Flint of its potential liability if Mundy Township or GCDC believed that Flint "may be responsible for the claimed property damages . . . ." MCL 691.1419(4). Mundy Township's or GCDC's failure to do so did not bar them from later bringing a claim against Flint for damages that Mundy Township or GCDC were required to pay. *Id.* There is nothing in the language of the statute that excuses a claimant from providing the necessary notice of a claim pursuant to MCL 691.1419(1). MCL 691.1419(4).

[6] Plaintiffs also concede that their unjust taking claim against Flint should be dismissed. We agree. Considering that all of plaintiffs' claims against Mundy Township, Flint, and GCDC must be summarily disposed, two issues have been rendered moot, including Flint's and GCDC's arguments that plaintiffs failed to plead a claim in avoidance of governmental immunity, and Flint's assertion that the trial court abused its discretion in denying Flint's motion for reconsideration of the trial court's prior order granting GCDC's motion for leave to file a notice of nonparty fault. Because the ultimate remedy desired in those arguments—summary disposition—has already been granted, the issues are moot, and we decline to consider them. *Cassidy v Cassidy*, 318 Mich App 463, 478; 899 NW2d 65 (2017) (holding that an issue is considered moot when a party "received the relief [] requested.").

its discretion to consider Mundy Township's request for costs pursuant to MCR 2.625.[7]  We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Brock A. Swartzle

---

[7] Mundy Township requests that we consider the issue of whether it is entitled to costs under the court rule.  However, this issue has not been preserved for our review where the trial court has yet to decide the issue. *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015).  The trial court will be afforded the opportunity to exercise its discretion on remand, as contemplated by the court rules.  MCR 2.625(A)(1); *Kern v Kern-Koskela*, 320 Mich App 212, 244; 905 NW2d 453 (2017) (holding that a "trial court is entitled to discretion in awarding taxable costs.").