# STATE OF MICHIGAN

# COURT OF APPEALS

ATHEER AL-JABIRI,

        Plaintiff-Appellee,

v

WAYNE COUNTY,

        Defendant-Appellant.

UNPUBLISHED
December 13, 2018

No. 340071
Wayne Circuit Court
LC No. 16-001730-NF

Before: M. J. KELLY, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

In this governmental immunity highway exception case, defendant, Wayne County, appeals as of right the trial court denying it summary disposition under MCR 2.116(C)(7). For the reasons stated in this opinion, we reverse.

## I. BASIC FACTS

On September 26, 2014, Al-Jabiri was severely injured after he lost control of his motorcycle and crashed into a utility pole. He sued Wayne County under the highway exception to governmental immunity, MCL 691.1402(1), contending that a pothole in the roadway caused him to lose control of his vehicle. Wayne County moved for summary disposition, arguing in relevant part that Al-Jabiri had failed to provide timely notice in accordance with MCL 691.1404. Al-Jabiri acknowledged that he had not filed presuit notice with Wayne County within 120 days of his injury; however, he asserted that because of the severity of his injuries he was physically incapable of giving the notice required under MCL 691.1404(1), so he was allowed additional time to file in accordance with MCL 691.1404(3). In support, he provided the trial court with copies of his medical records documenting his injuries and surgeries, deposition testimony explaining how his injuries had affected him and his memory, and a note from one of his treating physicians stating that Al-Jabiri's injuries had physically disabled him for six months. Following oral argument, the trial court agreed that the notice period in MCL 691.1404(3) applied and denied Wayne County's motion for summary disposition.[1]

_____

[1] The trial court also rejected Wayne County's argument that summary disposition was proper because it lacked preinjury notice of the defective road condition as required by MCL 691.1402;

-1-

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

Wayne County argues that the trial court erred by denying its motion for summary disposition because Al-Jabiri's presuit notice was untimely under MCL 691.1404. Challenges to a trial court's decision to deny summary disposition are reviewed de novo. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law." *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). "To survive such a motion, the plaintiff must allege facts justifying the application of an exception to governmental immunity." *Id*. Summary disposition may not be opposed on the basis of unsupported speculation or conjecture. *Karbel v Comerica Bank*, 247 Mich App 90, 97; 635 NW2d 69 (2001). "When deciding a motion for summary disposition under MCR 2.116(C)(7), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party." *Fields v Suburban Mobility Auth for Regional Transp*, 311 Mich App 231, 234; 874 NW2d 715 (2015). In the absence of a factual dispute, "whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id*. (quotation marks and citation omitted).

## B. ANALYSIS

Subject to certain exceptions, governmental agencies are immune from tort liability if they are engaged in a governmental function, including the construction and maintenance of streets. *Maskery v Univ of Mich Bd of Regents*, 468 Mich 609, 613-614; 664 NW2d 165 (2003); MCL 691.1407(1). The highway exception to governmental immunity is set forth in MCL 691.1402(1), and provides, in pertinent part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. . . .

As a prerequisite to recovering under the highway exception, the injured person must provide presuit notice to the governmental agency in accordance with MCL 691.1404, which states in pertinent part:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury

---

however, Wayne County does not challenge that aspects of the court's decision on appeal so we will not address it further.

occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

* * *

(3) If the injured person is under the age of 18 years at the time the injury occurred, he shall serve the notice required by subsection (1) not more than 180 days from the time the injury occurred, which notice may be filed by a parent, attorney, next friend or legally appointed guardian. *If the injured person is physically or mentally incapable of giving notice, he shall serve the notice required by subsection (1) not more than 180 days after the termination of the disability.* In all civil actions in which the physical or mental capability of the person is in dispute, that issue shall be determined by the trier of the facts. . . . [Emphasis added.]

Thus, when notice is not given within 120 days of the injury (or 180 days of the injury in the case of a person who was under 18 at the time of the injury), then the trial court must determine whether there are disputed facts regarding whether the injured person was physically or mentally capable of giving notice.

The question in this case is whether the evidence Al-Jabiri presented was sufficient to create a factual dispute over whether he was physically incapable of providing notice under MCL 691.1404(1). In order to give notice under MCL 691.1404(1), within 120 days of being injured, the injured person must "serve a notice on the governmental agency of the occurrence of the injury and the defect," and the notice must "specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant." Therefore, Al-Jabiri bears the burden of establishing that in the 120-day period following his injury, he was physically incapable of giving Wayne County notice of his injury and the allegedly defective road condition. See *Fane*, 465 Mich at 74.

There is no caselaw definitively defining what physical disabilities will render an injured person physically incapable for purposes of MCL 691.1404(3). Yet, not surprisingly, caselaw does establish that if a person dies, he or she is physically incapable of giving notice under MCL 691.1404(3). See *Blohm v Emmet Co Rd Comms*, 223 Mich App 383, 387; 565 NW2d 924 (1997) (holding that the plaintiff had 180 days to provide notice of a claim once the disability of death was removed by the appointment of a personal representative). In addition, it is axiomatic that a comatose individual is physically (and mentally) incapable of giving the notice required by MCL 691.1404(1). In such cases, merely appending medical records demonstrating that the injured person died or was in a coma would be sufficient to establish, conclusively, that the injured person was physically incapable of providing notice. However, in cases such as this one, the question is not readily answered by the mere provision of medical records and testimony showing that the injured person was physically disabled. Instead, to demonstrate that a factual dispute about physical incapability exists, a plaintiff must present the court with evidence that he was physically incapable and not merely physically disabled.

-3-

Here, in support of its motion for summary disposition, Wayne County presented evidence that within a few days of being injured, Al-Jabiri withdrew from classes at University of Michigan.[2]  He also retained a criminal lawyer to defend himself against a reckless-driving charge arising from the September 2014 accident.  During the 120-day period following Al-Jabiri's injury, the record reflects that Al-Jabiri appeared for two court proceedings related to the criminal charges.  Moreover, he was also present at a March 2015 jury trial on the reckless-driving charge, where he testified on his own behalf.  Wayne County asserted that this evidence established that, despite his injuries, Al-Jabiri was physically capable of giving notice as required by MCL 691.1404(1).

In response, Al-Jabiri provided extensive medical records that show that he was hospitalized a lengthy period following the accident, that he spent approximately three weeks in physical therapy, that he underwent numerous surgeries, and that the injuries he sustained were severe.  Additionally, Paul J. Dougherty, M.D., a physician who treated Al-Jabiri from September 2014 through August 2016, provided a letter explaining:

> [Al-Jabiri] sustained multiple injuries to include bilateral femur (thigh) fractures, bilateral tibia (leg) fractures, and a right humerus (arm) fracture.  He was physically disabled for the next 6 months after his injury September 26, 2014.  His initial hospitalization was from the date of the injury through October 16, 2014.  While the femur and tibia fractures healed, he developed a nonunion of the humerus (arm) which persisted for over a year.

Nevertheless, although this letter—and the medical records—demonstrate that Al-Jabiri had serious physical injuries and that his physician opined he was physically disabled for six months, i.e. 180 days, they do not show that he was physically incapable of giving notice because of his disabilities.  Instead, Dr. Dougherty's note only provides that Al-Jabiri was physically *disabled* and it is silent as to physical incapability.[3]  In addition, the medical records show that Al-Jabiri was physically capable of ambulating.  For example, a September 29, 2014 rehabilitation note indicated that Al-Jabiri had difficulty walking, joint and muscle pain, and a decreased range of motion, which shows that he was physically capable of moving, albeit his ability to do so was limited.  Other medical records—spanning a number of months—stated that Al-Jabiri had normal motor function, was capable of moving all four extremities, and was able to walk unassisted.  Thus, standing alone, Al-Jabiri's medical records are insufficient to create a factual dispute with regard to whether he was physically incapable of giving notice under MCL 691.1404(1).

---

[2] Al-Jabiri testified that his sister submitted the withdrawal form because he was unable to "talk or do anything."

[3] We also note that although Dr. Dougherty opined that Al-Jabiri was physically disabled for 6 months—180 days—the presuit notice in this case was filed 179 days after Al-Jabiri was injured, which allows for an inference that his physical disability did not, in fact, render him physically incapable of filing the requisite notice.

Similarly, Al-Jabiri's deposition testimony does not establish that he was physically incapable of giving notice. He testified that he did not recall being at the hospital and only recalls "bits and pieces" after his surgeries because of the pain medications that he was on. Yet, problems with recall or memory do not establish physical incapacity.[4] Al-Jabiri also testified that when he returned home he just "laid in bed" and his mother did everything for him, including feeding him and assisting him with toileting. Again, however, while that is certainly sufficient to establish that he was physically injured or disabled, it would be speculation to assume that he was also physically incapable of giving notice.

Finally, the trial court's reasoning in support of its denial of summary disposition was based on assumptions, not on reasonable inferences drawn from the record. The court posited:

> I got to believe that someone in the hospital for forty-three days, and if, if you're not of that nature, that you're, you sue, or you're looking for, you know, someone else to pay for your injuries, then it's—it would not be on the forefront of your mind, and you're worried about getting better, and your multiple surgeries, et cetera.

Thus, rather than relying on the evidence submitted, the court made its ruling based on its belief that someone in the hospital would not be "thinking" about filing a claim unless he or she was a litigious person. That is not the standard that the court was tasked with applying. The extended notice provision in MCL 691.1404(3) is meant as a protection for injured persons who are physically or mentally *incapable* of giving notice, not for injured persons who did not think about suing until after they were further along in their recovery.

In sum, because Al-Jabiri did not present any evidence showing that he was physically incapable of providing notice, he was not entitled to rely on the notice provision in MCL 691.1404(3). Because Al-Jabiri's presuit notice was untimely under MCL 691.1404(1), the trial court erred by denying Wayne County summary disposition under MCR 2.116(C)(7).

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien

---

[4] Al-Jabiri does not allege that he was mentally incapable of giving notice as required by MCL 691.1404(1), and his medical records do not support such a finding.