PEOPLE v SHERMAN

Docket No. 124088. Submitted December 13, 1990, at Lansing. Decided March 19, 1991, at 9:15 A.M. Leave to appeal sought.

Geoffrey E. Sherman was bound over for trial in the Oakland Circuit Court on charges of manslaughter and felonious driving as a result of an automobile accident in which a trailer hitched to the defendant's truck disengaged and struck an oncoming car, killing the driver and seriously injuring a passenger. The court, Steven N. Andrews, J., quashed the information with respect to the felonious-driving charge, concluding that the felonious-driving statute concerns only the manner in which a vehicle is operated and does not address the operation of an inherently dangerous vehicle in an otherwise reasonable manner. The prosecution appealed by leave granted.

The Court of Appeals *held:*

Driving a vehicle with knowledge that it is inherently dangerous and thus may cause serious injury to others constitutes driving a vehicle upon a highway carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others, proscribed by the felonious-driving statute, MCL 752.191; MSA 28.661. In this case, the circuit court erred in determining that the felonious-driving statute refers only to the manner in which a vehicle is driven. The statute also applies to driving an unsafe vehicle, regardless of the manner, which poses a substantial threat to the safety of others.

Reversed and remanded.

CRIMINAL LAW — FELONIOUS DRIVING — UNSAFE VEHICLES.

The felonious-driving statute proscribes both the driving of a vehicle in disregard of the safety of others and the driving of an unsafe vehicle, regardless of the manner driven, that poses a substantial threat to the safety of others (MCL 752.191; MSA 28.661).

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 340-342, 369, 381, 383.

What amounts to reckless driving of motor vehicle within statute making such a criminal offense. 52 ALR2d 1337.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Allan A. Saroki,* for the defendant.

Before: SHEPHERD, P.J., and GILLIS and CAVANAGH, JJ.

PER CURIAM. In this appeal, brought by leave granted, the prosecution contends that the circuit court erred in quashing the felonious-driving count in the information. We reverse.

The charges of manslaughter, MCL 750.321; MSA 28.553, and felonious driving, MCL 752.191; MSA 28.661, arose out of an automobile accident in which a trailer disengaged from a truck being driven by the defendant and struck an oncoming car, killing the driver and seriously injuring the passenger. After being bound over, defendant moved in the circuit court to quash the information with respect to the felonious-driving count, arguing that the felonious-driving statute did not make criminally actionable his failure to properly secure his trailer.

The circuit court, relying on *State v Smith,* 198 Or 31; 255 P2d 1076 (1953), agreed with defendant and concluded that the felonious-driving statute referred only to the manner in which the vehicle was being operated and did not address the operation of an inherently dangerous vehicle in an otherwise reasonable manner. The circuit court found that the crippling injury sustained by the victim in the passenger car was not caused by the manner of operating the truck but by the manner of maintenance. Therefore the defendant's motion to quash the felonious-driving count was granted.

The prosecutor argues on appeal that the Oregon case relied on by the circuit court construed a statute that only referred to the manner of operating a motor vehicle. Michigan's statute is broader and, according to the prosecutor, clearly encompasses the sort of gross negligence exhibited by defendant in this case. We agree.

This Court's task in assessing a circuit court's decision to quash an information is to determine whether the district court abused its discretion in binding the defendant over. In the majority of cases, if there was no abuse of discretion, the circuit court's decision to quash the information should be reversed. *People v Talley,* 410 Mich 378, 385-386; 301 NW2d 809 (1981). However, in a case such as the present one, if the circuit court accepted the findings of fact made by the district court and merely applied those facts to the statute involved, then the circuit court's ruling was a conclusion of law subject to review by this Court as a matter of law. *People v Slipson,* 154 Mich App 134, 137; 397 NW2d 250 (1986), remanded on other grounds 428 Mich 858 (1987). And, in applying the statute involved, the "rule that a penal statute is to be strictly construed shall not apply to [the Penal Code] or any of the provisions thereof. All provisions of [the Penal Code] shall be construed according to the fair import of their terms, to promote justice and to effect the objects of the law." MCL 750.2; MSA 28.192.

In Oregon, the negligent-homicide statute provides:

When the death of any person ensues within 1 year as the proximate result of injuries caused by the driving of any motor vehicle in a negligent manner, the person so operating such vehicle shall be guilty of negligent homicide, and upon convic-

tion thereof shall be punished by imprisonment in the county jail for not more than 1 year, or in the state penitentiary for not more than 3 years, or by a fine of not to exceed twenty-five hundred dollars ($2,500), or by both such fine and imprisonment. [Or CL 23-410a, Oregon Laws 1941.]

The court in *Smith,* a case with strikingly similar facts and heavily relied on here, decided that the "only act which has been condemned as negligent homicide under the Oregon statute is the act of driving in a negligent manner. It relates to the way in which the vehicle is operated and not to the character of the vehicle itself." *Id.,* at 42. Consequently, the defendant could not be prosecuted under the Oregon statute for driving a motor vehicle with knowledge that the vehicle was inherently dangerous.

In Michigan, the felonious-driving statute provides:

Every person who drives any vehicle upon a highway carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property and thereby injuring so as to cripple any person, but not causing death, shall be guilty of the offense of felonious driving and upon conviction thereof shall be sentenced to pay a fine not exceeding 1,000 dollars or to imprisonment in the state prison not exceeding 2 years or by both fine and imprisonment in the discretion of the court. [MCL 752.191; MSA 26.661.]

In construing our statute, it is apparent that the initial clause—"every person who drives any vehicle upon a highway"—is modified by two separate

clauses: (1) "carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others," and (2) "without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property." While the second clause may not prohibit driving an unsafe vehicle in an otherwise reasonable manner and at an otherwise reasonable speed, the same cannot be said of the first clause, which is not limited to the speed or the manner of driving.

In our opinion, a fair reading of our statute leads to the conclusion that it encompasses the driving of a vehicle with the knowledge that it may cause serious injury to others because the vehicle itself is inherently dangerous. Such conduct constitutes driving a vehicle "upon a highway carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others." This construction is within the fair import of the terms of the statute, would promote justice by discouraging others from similar conduct, and would effect the safety of our highways.

After reviewing the circuit court's conclusions of law, we are convinced that the lower court erred in determining that the felonious-driving statute refers only to the manner in which a vehicle is driven. The statute also applies to the driving of a vehicle which the driver knows is so unsafe, regardless of the manner driven, that it poses a substantial threat to the safety of others.

Reversed and remanded for further proceedings consistent with this opinion.