*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF KYLE MELVIN WHEELER, by
KENNETH WHEELER, Personal Representative,

UNPUBLISHED
April 25, 2019

Plaintiff-Appellee,

v

No. 342655
Genesee Circuit Court
LC No. 17-108560-NO

CITY OF FLINT,

Defendant-Appellant.

Before: MURRAY, C.J., and SAWYER and REDFORD, JJ.

PER CURIAM.

In this negligence case, defendant appeals as of right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) on the ground that plaintiff's claims were barred by governmental immunity. We reverse.

## I. FACTS

Kyle Wheeler attempted suicide on December 13, 2014, but officers of the Flint Police Department thwarted that attempt and afterward the police seized personal property including several firearms. Wheeler received treatment for mental health problems and sometime later began requesting the return of his firearms. After receiving several requests, on January 5, 2016, the police released to Wheeler his personal property including an unregistered handgun. Five months later, on May 2, 2016, Wheeler committed suicide with that handgun.

Wheeler's father and personal representative sued defendant alleging that it negligently returned the handgun to Wheeler in violation of city property and evidence management guidelines which did not permit release of handguns if state or federal law prohibited possession of the firearm and required owners to produce registration before obtaining the release of a handgun. Plaintiff also alleged that defendant violated MCL 28.422(1), which requires persons to obtain a permit to purchase, carry, possess, or transport a pistol in Michigan, by recklessly allowing Wheeler to take possession of his unlicensed handgun. Defendant answered, denied liability, and affirmatively defended on the ground that plaintiff's claims were barred by governmental immunity. Defendant later moved for summary disposition under MCR

-1-

2.116(C)(7) based upon governmental immunity provided under MCL 691.1407 because plaintiff's claims arose in relation to the police department's performance of a governmental function and plaintiff could not establish that defendant's conduct proximately caused Wheeler's death. Plaintiff opposed the motion on the grounds that defendant's police department acted in reckless disregard of whether an injury would result from its conduct by not following its guidelines and state law. Plaintiff argued that MCL 28.434 required defendant to turn over the handgun to the state police for disposal and failed to do so without regard for Wheeler's well-being. The trial court denied defendant's motion because defendant did not submit an affidavit with its motion and because it found that proximate cause issues existed.

## II. STANDARD OF REVIEW

Summary disposition under MCR 2.116(C)(7) is appropriate when a claim is barred by immunity granted by law. *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). We review de novo a trial court's decision concerning a motion for summary disposition. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). "The applicability of governmental immunity and the statutory exceptions to immunity are also reviewed de novo on appeal." *Id*. (citation omitted). A motion under MCR 2.116(C)(7) may be supported by affidavits, depositions, admissions, or other admissible evidence. *Id*. We accept the allegations in the complaint as true and consider the evidence in a light most favorable to the nonmoving party. *Id*. "[W]hether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id*. (citation omitted).

## III. ANALYSIS

The governmental tort liability act (GTLA), MCL 691.1401 *et seq*., provides governmental agencies immunity from tort liability. "There is one basic principle that must guide our decision today: the immunity conferred upon governmental agencies is broad, and the statutory exceptions thereto are to be narrowly construed." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000).

Under MCL 691.1407(1), except as otherwise provided in the GTLA, a governmental agency is immune from tort liability if the agency was engaged in the exercise or discharge of a governmental function. *In re Bradley Estate*, 494 Mich 367, 378; 835 NW2d 545 (2013). MCL 691.1401(a) defines a governmental agency as this state or a political subdivision. Under MCL 691.1401(d), a municipal corporation means a city, and under MCL 691.1401(e) a municipal corporation falls within the meaning of a political subdivision. Defendant, as a municipal corporation, constitutes a governmental agency for purposes of the GTLA. See *Warda v Flushing City Council*, 472 Mich 326, 331-332; 696 NW2d 671 (2005). The Flint Police Department, an agency of the city, constitutes a governmental agency for purposes of the GTLA. *Mack v Detroit*, 467 Mich 186, 204; 649 NW2d 47 (2002). As explained in *Mack*:

> absent the applicability of a statutory exception, it is immune from tort liability if the tort claims arise from the department's exercise or discharge of a governmental function. MCL 691.1407(1). " 'Governmental function' is an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401[(b)]. It is well

established in Michigan that the management, operation, and control of a police department is a governmental function. [*Id.*]

The GTLA provides six statutory exceptions to the immunity granted to governmental agencies: " 'the highway exception, MCL 691.1402; the motor-vehicle exception, MCL 691.1405; the public-building exception, MCL 691.1406; the proprietary-function exception, MCL 691.1413; the governmental-hospital exception, MCL 691.1407(4); and the sewage-disposal-system-event exception, MCL 691.1417(2) and (3).' " *Goodhue v Dep't of Trans*, 319 Mich App 526, 531 n 1; 904 NW2d 203 (2017), quoting *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 84 n 10; 746 NW2d 847 (2008). As our Supreme Court explained in *Nawrocki*, 463 Mich at 156-157:

> Immunity from tort liability, as provided by MCL § 691.1407 [ ] is expressed in the broadest possible language—it extends immunity to all governmental agencies for *all* tort liability whenever they are engaged in the exercise or discharge of a governmental function.
>
> * * *
>
> Because immunity necessarily implies that a "wrong" has occurred, we are cognizant that some tort claims, against a governmental agency, will inevitably go unremedied. Although governmental agencies may be under many duties, with regard to services they provide to the public, only those enumerated within the statutorily created exceptions are legally compensable if breached. [Citations omitted; emphasis in original.]

In *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 625; 363 NW2d 641 (1984), our Supreme Court reiterated the well-settled principle that a city cannot be held vicariously liable for torts of its police officers committed during police activity that constitutes a governmental function. This Court has stated, "even if the officers were not engaged in the exercise of a governmental function within the scope of their employment, the city is nonetheless entitled to immunity because it cannot be held liable for the intentional torts of its employees." *Payton v Detroit*, 211 Mich App 375, 393; 536 NW2d 233 (1995), citing *Alexander v Riccinto*, 192 Mich App 65, 71-72; 481 NW2d 6 (1991).

In this case, plaintiff asserted that defendant bore tort liability for the police department's return of the handgun to Wheeler because the police department committed ordinary negligence or acted recklessly by returning Wheeler's handgun contrary to police department guidelines and state law. Unless an exception applied, defendant had entitlement to governmental immunity under MCL 691.1407(1) from plaintiff's claims.

De novo review of the record establishes that the defendant engaged in a governmental function that involved the management, operation, and control of a police department. Its conduct concerned the management of evidence seized and held in relation to uncharged conduct and its return of the property to the person from whom the property had been taken. Although the record reflects that the police department neglected to follow guidelines, ordinances, and statutory requirements, plaintiff's claims regarding such conduct did not fall within any of the six

statutory exceptions to the immunity granted to governmental agencies. Therefore, defendant was entitled to governmental immunity and the trial court erred by not granting it summary disposition and dismissal of plaintiff's claims. Because our decision is dispositive, we need not consider the additional claims of error raised by defendant.

Reversed and remanded for entry of an order dismissing plaintiff's claims against defendant. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ James Robert Redford