*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN STANTON and ROBIN STANTON,

        Plaintiffs-Appellees,

v

ANCHOR BAY SCHOOL DISTRICT and
LEONARD WOODSIDE,

        Defendants,

and

SHERRY KENWARD,

        Defendant-Appellant.

UNPUBLISHED
January 7, 2020

No. 345110
St. Clair Circuit Court
LC No. 18-000314-CK

Before: MURRAY, C.J., and SAWYER and GLEICHER, JJ.

PER CURIAM.

In this intentional tort action, Sherry Kenward (Kenward) appeals as of right the order, granting in part and denying in part, Anchor Bay School District's (Anchor Bay SD), Leonard Woodside's (Woodside), and Kenward's motion for summary disposition.[1] The trial court held that Anchor Bay SD and Woodside[2] were absolutely immune from John Stanton's (Stanton) tort

---

[1] Anchor Bay SD, Woodside, and Kenward will jointly be referred to as defendants.

[2] Woodside is superintendent for Anchor Bay SD.

claims and granted summary disposition to Anchor Bay SD and Woodside.[3]  The trial court denied summary disposition to Kenward.  We affirm.

## I. FACTUAL HISTORY

This action arises out of Stanton's resignation from Anchor Bay SD.  Stanton entered into an employment contract with Anchor Bay SD in 2014, with Stanton serving as principal of Anchor Bay High School (Anchor Bay HS).  Stanton's wife, plaintiff Robin Stanton (Robin), was the principal of Anchor Bay Middle School (Anchor Bay MS).[4]  Pat Mikolowski (Mikolowski) worked at Anchor Bay HS as a security guard.  Mikolowski was Stanton's subordinate.

During the 2015 to 2016 school year, an incident occurred involving a student who brandished a wooden penis in the school parking lot, which Stanton and Mikolowski confiscated. Stanton alleged that he and Mikolowski joked about the item during their employment with Anchor Bay HS.  Mikolowski accepted a different job with Anchor Bay SD and resigned from Anchor Bay HS.

On May 26, 2017, at Mikolowski's farewell gathering, Stanton gave Mikolowski the wooden penis as a farewell gift (hereinafter, the gift).  Stanton inscribed a message on the gift that stated: "To Pat-Hope your job isn't too hard!–John/ABHS."  Stanton claims that: (a) Mikolowski laughed about his gift, (b) Mikolowski showed the gift to her family and children, and (c) Mikolowski did not file a complaint concerning Stanton's gift.

On May 30, 2017, Kenward, director of student services for Anchor Bay HS, received an anonymous letter stating that Stanton's gift to Mikolowski was offensive.  Kenward called a meeting with Mikolowski to discuss Stanton's gift, and requested that Mikolowski go home to retrieve the gift and return to the school.  Upon Mikolowski's return to the school, she told Kenward that she did not want to pursue any sexual harassment claims against Stanton.

Kenward prepared two memoranda, dated May 30, 2017 and June 1, 2017, about her investigation into Stanton's gift.  Mikolowski indicated that she disputed some of the assertions Kenward wrote in her May 30, 2017 and June 1, 2017 memoranda.  Specifically, Mikolowski disputed that: (a) she cried the entire weekend after Stanton gave her the gift, (b) she kept telling Kenward how embarrassed and uncomfortable she felt about the gift, and (c) Kenward invited her into Kenward's office so that Kenward could check on her.  Mikolowski did not dispute that Stanton gave Mikolowski the gift, that everyone laughed at Mikolowski, that Kenward and

---

[3] Stanton does not argue on appeal that the trial court erred by granting summary disposition to Anchor Bay SD and Woodside on the basis of governmental immunity.  Therefore, Anchor Bay SD and Woodside are not part of this appeal.

[4] Stanton and Robin will jointly be referred to as plaintiffs.

Mikolowski met in Kenward's office about the gift, or that Mikolowski cried about the gift. Kenward told Joseph McDonald (McDonald)[5] that Stanton gave Mikolowski the gift.

Toward the end of June 2017, Stanton met with McDonald; Kyle Anderson, the assistant superintendent; Vic Balaj, the assistant principal; and Woodside, the superintendent of Anchor Bay SD, about Stanton's gift. Stanton alleged that Woodside told Stanton that Mikolowski filed a sexual harassment complaint because of Stanton's gift, and that an investigation was underway. Defendants, however, denied ever stating that Mikolowski complained. Stanton also alleged that Woodside told Stanton that if he did not resign within the next 24 hours, Woodside would file charges against Stanton with the board of education, and that the investigation concerning Mikolowski's allegation of sexual harassment would be made public along with Stanton's performance evaluation.

Stanton resigned from Anchor Bay HS. Stanton applied for and received a principal position at Churchill High School in the Livonia School District (LSD), in Livonia, Michigan. LSD personnel told Stanton that he received a favorable reference from McDonald. On July 31, 2017, the LSD hired Stanton as principal of Churchill High School. At some point after the LSD hired Stanton, the LSD received a telephone call from someone at Anchor Bay SD, possibly Kenward or Woodside, indicating that Stanton was the subject of a sexual harassment complaint at Anchor Bay SD. As a result of the call, the LSD, demanded Stanton's resignation.

## II. SUMMARY DISPOSITION-GOVERNMENTAL IMMUNITY

## A. STANDARD OF REVIEW

Defendants' motion for summary disposition was brought under MCR 2.116(C)(4) (lack of subject-matter jurisdiction), MCR 2.116(C)(8) (failure to state a claim), MCR 2.116(C)(7) (immunity granted by law), and MCR 2.116(C)(10) (no genuine issue of material fact). The trial court granted summary disposition to Anchor Bay SD and Woodside on the basis of absolute immunity, suggesting that its ruling was under MCR 2.116(C)(7).

"MCR 2.116(C)(7) provides that a party may file a motion to dismiss a case when '[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . immunity granted by law [or] statute of limitations[.]' " *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 323; 869 NW2d 635 (2015). This Court reviews de novo a trial court's decision on a motion for summary disposition. *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). Likewise, this Court reviews de novo the applicability of governmental immunity and the statutory exceptions to immunity. *Id*. Thus, a defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of immunity granted by law. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). The party moving for summary disposition under MCR 2.116(C)(7) may support its motion with affidavits, depositions, admissions, or other documentary evidence that would be admissible at trial. *Id*.

---

[5] McDonald was Stanton's immediate superior.

"All well-pleaded allegations are accepted as true and construed in favor of the nonmoving party." *Genesee Co*, 309 Mich App at 323, citing *Johnson v Pastoriza*, 491 Mich 417, 435; 818 NW2d 279 (2012). When there is no factual dispute, whether a plaintiff's claim is barred under MCR 2.116(C)(7) is a question of law for the court to decide. *Moraccini*, 296 Mich App at 391; *Pierce v Lansing*, 265 Mich App 174, 177; 694 NW2d 65 (2005) ("If no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law."). However, if a relevant factual dispute exists, summary disposition is not appropriate. *Moraccini*, 296 Mich App at 391.

Finally:

> Statutory interpretation is a matter of law that is reviewed de novo. When ascertaining the Legislature's intent, a reviewing court should focus first on the plain language of the statute in question, and when the language of the statute is unambiguous, it must be enforced as written. A court does not construe the meaning of statutory terms in a vacuum. Rather, we interpret the words in their context and with a view to their place in the overall statutory scheme. [*Genesee Co*, 309 Mich App at 324 (citations and quotation marks omitted).]

## B. ANALYSIS

Kenward argues that governmental immunity barred plaintiffs' intentional tort claims because Kenward's alleged tortious actions were undertaken during the course of her employment, in good faith, and were discretionary. Although the trial court found that Kenward was entitled to qualified immunity, the trial court declined to grant summary disposition to Kenward because genuine questions of fact existed. We agree.

"[T]he burden . . . fall[s] on the governmental employee to raise and prove his entitlement to immunity as an affirmative defense." *Odom*, 482 Mich at 479. "[W]hen a defendant raises the affirmative defense of individual governmental immunity[,] [t]he court must do the following:

> \* \* \*

> (2) If the individual is a lower-ranking governmental employee or official, determine whether the plaintiff pleaded an intentional or a negligent tort.

> \* \* \*

(4) If the plaintiff pleaded an intentional tort, determine whether the defendant established that he is entitled to individual governmental immunity under the *Ross*[6] test by showing the following:

(a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,

(b) the acts were undertaken in good faith, or were not undertaken with malice, and

(c) the acts were discretionary, as opposed to ministerial. [*Odom*, 482 Mich at 479-480 (footnote added).]

School districts, such as Anchor Bay, are entitled to governmental immunity. *Genesee Co*, 309 Mich App at 326 n 5 ("Over time, our judiciary has applied an extension of sovereign immunity—governmental immunity—to the inferior divisions of government, i.e., townships, school districts, villages, cities, and counties[.]") (citations and quotation marks omitted). Woodside, as Anchor Bay SD's Superintendent, is also entitled to immunity as the "highest ranking appointed executive official" under MCL 691.1407(5). Kenward, however, has a different status. "Lower level officers, employees, and agents are extended only qualified immunity. This immunity exists when the individual is engaged in discretionary acts which are performed in good faith." *Ross*, 420 Mich at 632.

We emphasize that because only defendant Kenward remains, the validity of, or necessity for, the school district to take prompt remedial action is not at issue. Instead, the only question is whether Kenward was entitled to qualified immunity. The trial court found that the record was not clear whether Kenward's conduct satisfied the good faith requirement for immunity to apply. "[I]ntentional torts are immune if committed within the scope of a governmental function; however, the intentional use or misuse of a badge of governmental authority for a purpose unauthorized by law is not the exercise of a governmental function." *Smith v Dep't of Pub Health*, 428 Mich 540, 611; 410 NW2d 749 (1987), aff'd *Will v Dep't of State Police*, 491 US 58; 109 S Ct 2304; 105 L Ed 2d 45 (1989). Thus, whether governmental immunity can serve as the basis for dismissal of plaintiffs' intentional tort claims against Kenward must be determined. Our focus is on the second prong of the *Ross* test.

The second *Ross* element requires Kenward to have acted in good faith or with lack of malice. *Odom*, 482 Mich at 480. "The good-faith element of the *Ross* test is subjective in nature. It protects a defendant's honest belief and good-faith conduct with the cloak of immunity while exposing to liability a defendant who acts with malicious intent." *Oliver v Smith*, 290 Mich App 678, 688; 810 NW2d 57 (2010), citing *Odom*, 482 Mich at 481-482.

---

[6] *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 633-634; 363 NW2d 641 (1984), superseded in part by MCL 691.1407, see *Alexander v Riccinto*, 192 Mich App 65, 70; 481 NW2d 6 (1991) (citations omitted).

Kenward argues that the second *Ross* element is satisfied because she is entitled to the presumption of good faith and, thereby, absolute immunity from plaintiffs' suit under MCL 380.1230b(3). MCL 380.1230b provides:

(3) Not later than 20 business days after receiving a request under subsection (2), an employer shall provide the information requested and make available to the requesting school district, local act school district, public school academy, intermediate school district, or nonpublic school copies of all documents in the employee's personnel record relating to the unprofessional conduct. An employer, or an employee acting on behalf of the employer, that discloses information under this section in good faith is immune from civil liability for the disclosure. An employer, or an employee acting on behalf of the employer, is presumed to be acting in good faith at the time of a disclosure under this section unless a preponderance of the evidence establishes 1 or more of the following:

(a) That the employer, or employee, knew the information disclosed was false or misleading.

(b) That the employer, or employee, disclosed the information with a reckless disregard for the truth.

(c) That the disclosure was specifically prohibited by a state or federal statute. [MCL 380.1230b.]

Kenward claims: (a) Anchor Bay SD was compelled to provide a candid reference, (b) her statements about Stanton's gift to Anchor Bay SD were true, and (c) Woodside's alleged disclosures to the LSD were true. We note that the trial court granted Stanton leave to amend his complaint, but only to the extent that it alleges Kenward, not Woodside, disseminated the information to the LSD.

Stanton claims Kenward is not entitled to governmental immunity under MCL 380.1230b because Kenward did not act in good faith. Stanton claims the LSD hired him on July 31, 2017, as a result of McDonald's favorable review, which Stanton asserts was in response to the LSD's request for information about Stanton. Stanton claims Kenward contacted the LSD, after McDonald had already responded to the LSD's request, and without having received a request or solicitation for information from the LSD.

In support of his assertion regarding Kenward's lack of good faith, Stanton argues that Kenward made false statements, and thereby demonstrated malice. Stanton provided hand-written letters authored by Mikolowski and her husband, Edward M. Mikolowski, to show that Kenward falsely reported that: (a) Mikolowski complained of sexual harassment regarding Stanton's gift to her, (b) Mikolowski was embarrassed about, cried because of, and resigned from Anchor Bay HS because of Stanton's gift, and (c) Mikolowski's husband was upset about Stanton's gift. Stanton also provided an affidavit from Mikolowski, stating that Mikolowski found Stanton's gift to be "funny," and that Kenward told Mikolowski that Kenward is the person who has an issue with Stanton.

In further support of Stanton's claim of malice, Stanton argues that neither he, nor Anchor Bay SD, regarded his gift as sexual harassment. Stanton claimed that McDonald told the LSD that Anchor Bay SD did not have any records of unprofessional conduct on the part of Stanton, and four months later, Anchor Bay SD advised Roseville Community Schools that Stanton did not engage in unprofessional conduct while he served as principal of Anchor Bay HS.

Although Kenward claims there was no malice because her statements were substantially confirmed by Mikolowski, Kenward's investigation memorandums, the letters authored by Mikolowski and her husband, and the affidavit by Mikolowski provide contradictory information about the effect Stanton's gift had on Mikolowski, and thereby, create questions of fact whether Kenward acted with malice by falsifying the investigation reports. In particular, Kenward claimed in her May 30, 2017 memorandum that Mikolowski cried about Stanton's gift, and was embarrassed and uncomfortable because of Stanton's gift. Mikolowski, however, denied these assertions by Kenward. Also, in Kenward's June 1, 2017 memorandum, Kenward indicated that she invited Mikolowski to her office to check in with Mikolowski, that Mikolowski cried, and that Mikolowski kept telling Kenward that she was hurt and embarrassed; yet, again Mikolowski denied those assertions.

Moreover, under MCL 380.1230b(3), Anchor Bay SD had up to 20 business days to reply to the LSD's request for information regarding Stanton's unprofessional conduct. If Kenward called the LSD in response to the LSD's request within that 20-business-day timeframe, then Kenward "is presumed to [have] act[ed] in good faith at the time of a disclosure." MCL 380.1230b(3). However, questions of fact remain about whether Kenward telephoned the LSD and left the voicemail message. Even if Kenward made the telephone call to the LSD, questions of fact remain whether Kenward's alleged voicemail message was left in response to a request for information about Stanton by the LSD, as well as the content of that voicemail message. Further, questions of fact remain about why Kenward, or someone else from Anchor Bay SD, telephoned the LSD after Stanton had already been hired by the LSD. Thus, it is unclear whether Kenward acted in good faith, or with lack of malice, indicating that there is a genuine issue of material fact whether the second *Ross* element is satisfied. *Odom*, 482 Mich at 480.

Finally, there are two additional precepts that support the trial court's decision in not dismissing Stanton's claims against Kenward. First, discovery is incomplete, therefore, summary disposition) is premature. Second, although not precluded, the grant of summary disposition is "especially suspect where motive or intent are at issue[.]" *White v Taylor Distrib Co*, 275 Mich App 615, 625; 739 NW2d 132 (2007), aff'd 482 Mich 136 (2008) (citation omitted). Thus, these additional factors weigh in favor of the trial court's decision.

Because genuine issues of material fact exist regarding whether Kenward is entitled to qualified governmental immunity, the trial court did not err in denying Kenward's motion for summary disposition.

Affirmed. Plaintiffs may tax costs.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Elizabeth L. Gleicher