*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES ANDREW NELSON,

        Defendant-Appellant.

FOR PUBLICATION
April 22, 2026
1:10 PM

No. 375156
Eaton Circuit Court
LC No. 2023-020329-FH

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

TREBILCOCK, P.J.

Defendant, James Nelson, chased down three teenage girls out for a walk on a public road and fired his gun into the air while doing so, all because he thought they were trespassing on his father's property. For that reckless conduct, a jury convicted him on a multitude of assault and firearm counts. He claims on appeal that his counsel rendered ineffective assistance by failing to request jury instructions on defense of property, citizen's arrest, and a lesser-included offense. We disagree and affirm.

## I. FACTUAL BACKGROUND

On an August 2023 night in Eaton Rapids, three minor girls went for a sunset walk along Wilcox Road, on which two of them lived. The girls' walk took them to a stop sign at the road's intersection with Bellevue Highway. They paused at the stop sign to listen to music, talk, and take pictures for 5 to 10 minutes.

Russell Wilson owned property nearby where he both lived and operated a commercial shooting range. He apparently became aware of the girls' close presence: an intercom on his property started projecting voices, his granddaughter called him to say she saw people in his yard while she happened to drive by, and he looked out his window and saw shadows of people outside. So, he called his son—defendant (and a minority stake owner of the shooting range)—and asked him to "help do some security work."

Defendant enlisted his ex-wife to drive him to his dad's property. By the time that pair arrived, the teenagers were walking along the road back to their home. When they spotted the

girls, defendant exited the vehicle with a handgun equipped with a flashlight attachment and instructed his ex-wife to cut them off with her car. After the girls initially ignored defendant, he shot his handgun into the air, pointed his flashlight at them, and ordered them to "get on the ground." They thought defendant was going to shoot them.

He then began questioning them and stated that if anybody else was with them, he was going to "shoot them." The conflict eventually deescalated, and the girls walked home while defendant's ex-wife drove directly behind them. Law enforcement officials investigated shortly after the incident, during which defendant stated he acted due to a concern about prior break-ins and admitted he both fired his handgun into the air and told the girls to get on the ground.

A jury ultimately convicted defendant of three counts of assault with a dangerous weapon (felonious assault), MCL 750.82; one count of reckless use of a firearm, MCL 752.863a; three counts of unlawful imprisonment, MCL 750.349b; and three counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced him to 2 to 4 years' imprisonment for each felonious-assault conviction, 63 days of jail time for the reckless-use-of-a-firearm conviction, 3 to 15 years' imprisonment for each unlawful-imprisonment conviction, and two years' imprisonment for each felony-firearm conviction. Defendant appeals by right.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

At issue on appeal is whether defendant's trial counsel rendered constitutionally ineffective assistance for failing to request jury instructions on defense of property, citizen's arrest, and a lesser-included offense for brandishing a firearm in public in lieu of felonious assault.

## A. LEGAL OVERVIEW AND STANDARD OF REVIEW

The United States and Michigan Constitutions guarantee the right to effective assistance of counsel. *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012), citing US Const Am VI and Const 1963, art 1, § 20. "A defendant must meet two requirements to warrant a new trial because of the ineffective assistance of trial counsel." *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "First, the defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id*. at 290; see also *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "In doing so, the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy." *Armstrong*, 490 Mich at 290. "Second, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable." *Id*.

This appeal concerns a criminal defendant's right to a properly instructed jury. See *People v Leffew*, 508 Mich 625, 643; 975 NW2d 896 (2022). A defendant is entitled to a jury instruction on an affirmative defense upon a showing of "some evidence from which the jury can conclude that the essential elements of the defense are present." *People v Lemons*, 454 Mich 234, 246; 562 NW2d 447 (1997) (cleaned up). But importantly, trial counsel does not perform deficiently by failing to request a jury instruction a trial court could not have given. See *People v Geary*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 371889); slip op at 4.

Finally, we must note the standard of review. "In order to preserve the issue of effective assistance of counsel for appellate review, the defendant should make a motion in the trial court for a new trial or for an evidentiary hearing," *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000), or file "in this Court a motion for remand to the trial court," *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Defendant did neither, rendering his claim of appeal unpreserved; so, we review for "errors apparent on the record." *People v Armisted*, 295 Mich App 32, 46; 811 NW2d 47 (2011). This Court reviews the trial court's findings of fact for clear error and the constitutional question de novo. *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016).

## B. DEFENSE OF PROPERTY

With these principles in mind, we turn first to defendant's assertion that his trial counsel should have requested a jury instruction on defense of property. Under the common law, a person "may use such force as is necessary for the protection of his property." *People v Shaffran*, 243 Mich 527, 528; 220 NW 716 (1928). That does not, however, include using deadly force or endangering human life. *See id*. at 528-529. See also *People v Doud*, 223 Mich 120, 130; 193 NW 884 (1923) ("No man may, in defense of his mere land against trespassers, assault the invaders with a dangerous weapon.").

No facts developed below justified a defense-of-property instruction. Even assuming in this case that the common law extended such protection to a non-property owner acting in defense of another's property (or for that matter, a small ownership stake in a business located on that property), defendant's intentional restraining of the teenagers along the roadside and then firing a gun into the air falls well short of the limited right to use force in defense of property. See *Shaffran*, 243 Mich at 528-529. Simply, "[a] person is not justified by taking the law into his own hands, and except under extreme circumstances not present here, an individual may not endanger human life to defend against an infringement on bare property rights, especially an infringement that is capable of civil redress." *People v Young*, unpublished opinion of the Court of Appeals, issued March 11, 2008 (Docket No. 275881), p 1. Having failed to establish any facts supporting a reasonable belief that a danger to the property necessitated defendant's actions, his counsel's failure to request a defense of property instruction was objectively reasonable. See *Geary*, ___ Mich App at ___; slip op at 4.

## C. CITIZEN'S ARREST

Defendant next contends his counsel was ineffective for not requesting a jury instruction on citizen's arrest. This argument borders on frivolity.

As applicable here, MCL 764.16 authorizes a citizen to "make an arrest" (a) "for a felony committed in the private person's presence," or (b) "if the person to be arrested has committed a felony although not in the private person's presence." But trespass is generally a misdemeanor crime, see MCL 750.552, and defendant advanced no facts below or argument here reasonably supporting the contention that the girls committed a felony when they congregated at the stop sign and *maybe* encroached on the land of defendant's father. Nor do we understand why defendant's briefing cites cases implying that he could have even used *deadly force* in effectuating their arrest. See *People v Hampton*, 194 Mich App 593, 596-597; 487 NW2d 843 (1992) (discussing when a

private person may use deadly force against felons). To be sure, we acknowledge defendant's contention that his father's property had been broken into before and his struggle with past responses from law enforcement; but without a shred of evidence that these teenagers committed a felony, we cannot agree with defendant that his counsel's failure to request a citizen's arrest jury instruction constitutes deficient performance. See *Geary*, ___ Mich App at ___; slip op at 4.

## D. BRANDISHING A FIREARM IN PUBLIC

Finally, defendant argues that brandishing a firearm is a lesser-included offense of felonious assault and thus his trial counsel should have requested a brandishing jury instruction. We cannot agree.

"[A] defendant is entitled to a lesser offense instruction only if that lesser offense is necessarily included in the greater offense; that is, the offense must be committed as part of the greater offense insofar as it would be impossible to commit the greater offense without first committing the lesser offense." *People v Jones*, 497 Mich 155, 164; 860 NW2d 112 (2014) (quotation marks and citation omitted). "This determination requires an abstract analysis of the elements of the offenses, *not* the facts of the particular case." *People v Smith*, 478 Mich 64, 73; 731 NW2d 411 (2011) (quotation marks and citation omitted). If that analysis reveals that the offenses "share some common elements, and are of the same class or category . . . , but likewise contain additional elements not found in" each other, then the lesser offense is a cognate offense and not a lesser-included offense. *Jones*, 497 Mich at 163 n 23.

The elements of felonious assault are "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). In contrast, brandishing under MCL 750.234e requires that a defendant "willfully and knowingly brandish[ed] a firearm in public," which means "to point, waive about, or display in a threatening manner with the intent to induce fear in another person." MCL 750.222(c). These disparate elements reveal brandishing is a cognate, not a necessarily lesser-included, offense of felonious assault for at least one simple reason—brandishing has a public-place requirement that felonious assault does not. This means the trial court would not have been permitted to include such an instruction, *People v Walls*, 265 Mich App 642, 646; 697 NW2d 535 (2005), and thus defendant's counsel did not perform deficiently by failing to request a brandishing jury instruction, *Geary*, ___ Mich App at ___; slip op at 4.

## III. CONCLUSION

For these reasons, we affirm the trial court's judgment.

/s/ Christopher M. Trebilcock
/s/ Mark T. Boonstra
/s/ Anica Letica